United States District Court
Southern District of Texas
**ENTERED**
March 21, 2023
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Martha V.,[1] | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4: 21-cv-03267 |
| | § | |
| KILOLO KIJAKAZI, | § | |
| Acting Commissioner of Social | § | |
| Security, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## MEMORANDUM AND ORDER

Plaintiff Martha V. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. Pl.'s Compl., ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act ("the Act").[2] The Parties filed cross-motions for summary judgment. Pl.'s MSJ,

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] On January 20, 2022, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Consent & Transfer Order, ECF No. 9.

ECF No. 12; Pl.'s MSJ Br., ECF No. 12-1; Def.'s MSJ, ECF No. 14; Def.'s MSJ Br., ECF No. 15.

Plaintiff challenges the Administrative Law Judge's ("ALJ") determination that she was not disabled before the date last insured, arguing that the ALJ failed to develop the record as to the onset date of Plaintiff's disability. ECF No. 12-1 at 5. Defendant responds that the ALJ was not required to further develop the record, the record is devoid of any objective medical evidence showing that the disability existed before the date last insured, and substantial evidence supported his finding that Plaintiff was not disabled during the relevant period. ECF No. 15 at 5-6. Based on the briefing, the law, and the record, the Court determines that the Social Security Administration ("SSA") found that Plaintiff was disabled for the purposes of awarding supplemental security income as of August 23, 2019, five months after the date last insured. Once there was a finding of disability, SSR 18-01p[3] required the ALJ to determine the onset date for the purposes of awarding disability benefits, and the ALJ failed to fulfill his duty to develop the record to make that determination. Therefore, the Plaintiff's motion for summary judgment is granted and Defendant's motion for summary judgment is denied.

---

[3] Social Security Ruling, SSR 18-01p; Titles II and XVI: Determining the Established Onset Date (EOD) in Disability Claims, 83 FR 49613-01 (Oct. 2, 2018) (hereinafter, "SSR 18-01p").

## I.    BACKGROUND

Plaintiff is 58 years old, R. 371.[4] She has a high school education and attended some college. R. 31. Plaintiff has worked as an inventory control specialist, toy salesman, and as a driver. R. 13. Plaintiff alleges a disability onset date of March 6, 2019. R. 12. The date last insured is March 31, 2019. *Id.* Plaintiff claims she suffered disabling physical impairments during the insured period. *Id.*

On July 22, 2019, Plaintiff filed her application for disability insurance benefits under Title II of the Act. R. 154-59. Plaintiff based[5] her application on limitations from hemophilia, hypertension, anemia, migraine headaches, and problems with both legs. R. 205. The Commissioner denied her claim initially, R. 85-88, and on reconsideration, R. 92-94. On August 23, 2019, Plaintiff also filed an application for supplemental security income ("SSI") benefits under Title XVI. R. 160-69. Regarding her SSI application, Plaintiff was found to be disabled because she met the listing criteria for major dysfunction to a major peripheral weight-bearing joint, Listing 1.02A. R. 57. The SSI onset date was determined to be August 23, 2019, *id.,* which is the date she filed for SSI, R. 10. A claimant cannot receive

---

[4] "R." citations refer to the electronically filed Administrative Record, ECF No. 14.

[5] The relevant time period is March 6, 2019—Plaintiff's alleged onset date—through March 31, 2019—the date the Plaintiff was last insured. R. 14. The Court will consider medical evidence outside this period to the extent it demonstrates whether Plaintiff was under a disability during the relevant time frame. *See Williams v. Colvin,* 575 F. App'x 350, 354 (5th Cir. 2014); *Loza v. Apfel*, 219 F.3d 378, 396 (5th Cir. 2000).

SSI for any date prior to the application date. 20 C.F.R. § 416.335. Because the onset date for SSI cannot predate the application date, an exact onset date prior to the application date need not be determined. SSR-83-20, 1983 WL 31249, at *7; *Velazquez v. Kijakazi*, No. 2:20-CV-342-JPK, 2022 WL 970068, at *8 (N.D. Ind. Mar. 30, 2022) (citing relevant cases and regulations).

Although she was awarded SSI, Plaintiff requested, and was granted, a hearing before an ALJ on the Commissioner's denial of her application for disability insurance benefits. R. 95. An attorney represented Plaintiff at the hearing. R. 25. Plaintiff and a vocational expert ("VE") testified at the hearing. R. 26. Plaintiff testified that she hurt her hip in approximately 2009 and her condition progressively worsened. R. 34-35. Eventually, in March 2019, "her hip completely . . . dissolved" resulting in "excruciating" pain that prevents her from sitting or standing all day. R. 34. Plaintiff testified that she did not go to the hospital at that time because she did not have money or insurance. R. 38.

The ALJ issued a decision denying Plaintiff's request for benefits because "there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through the date last insured."[6] R. 14. The

---

[6] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at step two. R. 13. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since the alleged onset date. R. 12 (citing 20 C.F.R. §§ 404.1571 *et seq.*). At step two, the ALJ found that "[t]hrough the date last insured, there were no medical signs or laboratory findings to substantiate the

Appeals Council denied Plaintiff's request for review, thus upholding the ALJ's decision to deny disability benefits. R. 1-6. Thereafter, Plaintiff filed suit appealing the determination. ECF No. 1.

## II. STANDARD OF REVIEW OF THE COMMISSIONER'S DECISION.

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing. The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.*

Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. *Id.*; *see also Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted).

---

existence of a medically determinable impairment. R. 13 (citing 20 C.F.R. § 404.1520(c)). Therefore, the ALJ concluded that Plaintiff was not disabled. R. 14.

It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

The Court weighs four factors to determine "whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Conley-Clinton v. Saul*, 787 F. App'x 214, 216 (5th Cir. 2019) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (quotations omitted). The "substantial evidence" standard is not a "rubber stamp" for the Commissioner's decision and involves "more than a search for evidence supporting the Commissioner's findings." *Davidson v. Colvin*, 164 F. Supp. 3d 926, 943 (N.D. Tex. 2015) (quoting *Martin v. Heckler*, 748 F.2d 1027, 1031 (5th Cir. 1984)). Rather, a reviewing court must scrutinize the record as a whole, considering whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. "Only where

6

there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009).

## III.   THE SHIFTING BURDEN OF PROOF IN A DISABIILITY CASE.

"An individual claiming entitlement to benefits under the Act has the burden of proving his disability." *Parrish v. Berryhill*, 237 F. Supp. 3d 520, 523 (S.D. Tex. 2017) (citing *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988)). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d) (1)(A) (2000). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3) (2000). The impairment must be so severe that the claimant is "incapable of engaging in any substantial gainful activity." *Foster v. Astrue*, No. H-08-2843, 2011 WL 5509475, at *6 (S.D. Tex. Nov. 10, 2011) (citing *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992)).

The Commissioner applies a five-step sequential process to determine disability status. *Id.* The claimant bears the burden of proof at the first four steps to establish that a disability exists. *Farr v. Astrue*, No. G-10-205, 2012 WL 6020061, at *2 (S.D. Tex. Nov. 30, 2012). The burden shifts to the Commissioner at step five

to show that the claimant can perform other work. *Id.* The burden then shifts back to the claimant to rebut this finding. *Id.* If at any step in the process the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Id.*

## IV.   PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT.

At step two, the ALJ found that there was no objective medical evidence to substantiate the existence of a medically determinable impairment. R. 13. In challenging the ALJ's finding that she is not disabled, Plaintiff raises a single issue. Plaintiff argues that the ALJ's determination that her hip impairments were not medically determinable prior to her date last insured was not supported by substantial evidence because the ALJ failed to develop the record in violation of SSR 18-01p.

### A. SSR 18-01p Clarifies When The Onset Date Is To Be Determined.

The purpose of SSR 18-01p is to explain what the SSA means by the onset date and to clarify how the SSA determines the onset date for disability claims.  The established onset date is defined as "the earliest date that the claimant meets both the definition of disability and the non-medical requirements during the period covered by his or her application." SSR 18-01p, 2018 WL 4945639, at *2. When a claimant has a non-traumatic impairment and the ALJ has determined that the evidence supports a finding that the claimant met the statutory definition of disability, the ALJ "will determine the first date that the claimant met that definition." *Id*. at *5. The

date on which the ALJ finds that the claimant first met the statutory definition of disability "may predate the claimant's earliest recorded medical examination or the date of the claimant's earliest medical records." *Id*. at *6.

SSR 18-01p provides the ALJ several options to determine the first date on which the claimant became disabled when the record is insufficient. First, "[i]f there is information in the claim(s) file that suggests that additional medical evidence relevant to the period at issue is available," the ALJ "will assist with developing the record and may request existing evidence directly from a medical source or entity that maintains the evidence." SSR 18-01p, 2018 WL 4945639, at *6. Second, if additional medical evidence does not exist, the ALJ "may consider evidence from other non-medical sources such as the claimant's family, friends, or former employers." *Id*. Finally, the ALJ "may call on the services of a [medical expert]." *Id*. However, the decision to call on the services of a medical expert to assist in inferring the date that the claimant first met the statutory definition of disability "is always at the ALJ's discretion," and "[n]either the claimant nor his or her representative can require" the ALJ to do so. *Id*.

## B. The ALJ Erred In Failing To Determine Plaintiff's Onset Date.

To qualify for disability benefits, the plaintiff bears the burden of proving not only an inability to work because of a medical impairment expected to last for a least a year, but also that the impairment existed before the date last insured. *Ray L. v.*

*Kijakazi*, No. 4:19-CV-4362, 2021 WL 3742023, at *4 (S.D. Tex. Aug. 24, 2021). Here, Plaintiff claims that she was disabled as of March 6, 2019, and the ALJ failed to develop the record under the applicable regulation, SSR 18-01p, that she was disabled before the date last insured, March 31, 2019. ECF No. 12-1 at 7. Defendant argues that SSR 18-01p is inapplicable because the "record is devoid of evidence to support disability at any point in the relevant period" and therefore Plaintiff failed to carry her burden of proof. ECF No. 15 at 6.

A review of the plain text of SSR 18-01p supports finding that the ALJ was required to determine Plaintiff's onset date for disability insurance purposes. First, SSR 18-01p states that "[i]f we find that a claimant meets the statutory definition of disability and meets the applicable non-medical requirements during the period covered by his or her application, we then determine the claimant's [onset date]." SSR 18-01p, 2018 WL 4945639, at *2. Further, "[w]hen a claimant has a non-traumatic or exacerbating and remitting impairment(s), and we determine the evidence of record supports a finding that the claimant met the statutory definition of disability, we will determine the first date that the claimant met that definition." *Id*. at *5. SSR 18-01p also provides that "if we find that the claimant did not meet the statutory definition of disability before his or her insured status expired, we will not determine whether the claimant is currently disabled or was disabled within the 12-month period before the month that he or she applied for benefits. If, however,

the claimant also filed a different type of claim—for example, a claim for SSI disability payments—we may have to consider whether the claimant is currently disabled to adjudicate the SSI claim." *Id*. at *5 n.17.

The Defendant is correct that there are no *medical* records supporting a *disability* finding before Plaintiff's last insured date. There are sparse medical records indicating that Plaintiff had an impairment that involved her hips and legs before the date of last insured. *See* R. 371-82. In the ordinary case, a showing of an impairment does not establish a disability. *Reddin v. Kijakazi*, No. 22-30384, 2023 WL 2525051, at *3 (5th Cir. Mar. 15, 2023). Under 18-01p, in the ordinary case, the ALJ would not have a duty to determine the onset date when she found no disability before the insured status expired.

In this case, however, the SSA found that Plaintiff was disabled for purposes of her SSI application. R. 66, 82. Defendant admits that "state agency medical consultants reviewed the record and found that[,] as of August 23, 2019, Plaintiff was disabled for purposes of her supplemental security income application." ECF No. 15 at 5. Because the SSA made a finding of a disability for SSI, the Court must determine whether the SSA's finding that Plaintiff was disabled—albeit after the date last insured—triggered SSR 18-01p's requirement that the ALJ determine the onset date of that disability for purposes of the disability insurance benefits claim.

This appears to be a matter of first impression in the Fifth Circuit. The Court

has located only one case addressing the applicability of SSR 18-01p in analogous circumstances. In that case, the ALJ determined that the claimant was disabled for purposes of her SSI application based on the filing date,[7] but was not disabled for purposes of his disability application because there was insufficient evidence to determine that the claimant was disabled prior to the date last insured. *Velazquez*, 2022 WL 970068, at *7-9. The court held that the Commissioner's determination that the claimant was disabled for purposes of his SSI claim "trigger[ed] a duty to find the date that the claimant first became disabled by that disability for purposes of the" disability claim. *Id*. at *7-8. Relying on the language in SSR 18-01p, the court rejected the ALJ's reliance on the absence of medical records, because the regulation provides that the onset date may be inferred based on other evidence and may predate the date of the earliest medical records. *Id.* at *9. Because the plaintiff suffered from a chronic, progressive disease, the court found the ALJ should have considered whether the symptoms were disabling before it was first recognized in the hospital records after the date last insured. *Id.* at *10. Thus, the court concluded that, where the medical records were silent as to the symptoms during the relevant time frame, the ALJ should have developed the record about plaintiff's limitations

---

[7] Under title XVI, a claimant cannot receive payment for SSI before the date of the application regardless of the length of the disability. *Slaughter v. Astrue*, 857 F. Supp. 2d 631, 635 n. 42 (S.D. Tex. 2012) (citing 20 C.F.R. § 416.335 and *Brown v. Apfel*, 192 F.3d 492, 495 n. 1 (5th Cir. 1999)). Thus, the filing date is relevant to the onset date for SSI but not for disability benefits. *Velazquez*, 2022 WL 970068, at *8 (citing *Aulik v. Berryhill*, 711 F. App's 806, 808 (7th Cir. 2018)).

before the insured status expired. *Id.* at \*10-11.

This case differs procedurally from *Velazquez* only because here the SSA, not the ALJ, made the disability determination on Plaintiff's SSI application. Nonetheless, the same reasoning applies and requires the same result. The SSA found that Plaintiff was disabled as of August 23, 2019, the date of her SSI application, based on meeting the listing for major joint dysfunction. R. 72-73. During the hearing before the ALJ, Plaintiff's attorney asked many of the questions the court in *Velazquez* found pertinent. He asked the Plaintiff about her symptoms and pain in March 2019 that caused her to stop working. R.34. Plaintiff testified that her symptoms began ten years before her date last insured, but became worse over time and, in March 2019, her leg and hip "completely decomposed." R. 35. She further testified that her bone was moving across her nerve endings. *Id.* She testified that, in March 2019, she needed crutches to walk and could sit for only 15 minutes at a time. R. 36. She spent the day laying on the couch, switching positions every 15 to 30 minutes. *Id.* In addition, in March 2019, Plaintiff had the assistance of a helper to prepare meals and clean the house. R. 37. Thus, there record contains evidence from other sources, the Plaintiff, about her medical condition before the last insured date, which predates but is consistent with the objective evidence from later in 2019. As Plaintiff noted, major joint dysfunction sufficient to meet a listing does not happen overnight. As in *Velazquez*, Plaintiff suffered from a progressive condition

that deteriorated over time, and the records and testimony contain some evidence that it existed before the date last insured.

Consistent with *Velazquez*, the Court finds that an ALJ's duty to determine a claimant's onset date for disability benefits is triggered once a determination is made that an individual is disabled, even when the onset date for that disability determination postdates the claimant's last date insured. *Cf.  Ray L.*, 2021 WL 3742023, at *4 (interpreting the proper analysis for determining the onset date under SSR 18-01 and determining that "[o]nce the ALJ found Plaintiff disabled, he was required to determine the onset date of Plaintiff's disability."); *Wood v. Comm'r of Soc. Sec. Admin.*, No. CV2000477TUCRCCLAB, 2021 WL 7501836, at *6 (D. Ariz. Nov. 18, 2021)*, report and recommendation adopted sub nom. Delphine Wood, Plaintiff, v. Comm'r of Soc. Sec. Admin., Defendant.*, No. CV2000477TUCRCCLAB, 2022 WL 374492 (D. Ariz. Feb. 8, 2022) (where there was no other disability finding, the record was devoid of any evidence establishing a disability before the date last insured, and a neurologist testified that the evidence did not establish that the possible impairment ten months after the date last insured existed caused limitations on or before the date last insured, the court held the ALJ did not err in denying benefits).

Therefore, because the SSA determined that Plaintiff was disabled pursuant to her SSI application, the ALJ was required to determine the onset date of that

disability for purposes of her disability insurance benefits. The ALJ erred in failing to do so.

### C. The ALJ's Error Caused Plaintiff Harm.

Administrative proceedings do not require procedural perfection and will not be reversed absent an error that affects the substantial rights of a party. *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision,'" and "[r]emand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Wilder v. Colvin*, No. 13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). Here, if the ALJ had applied the analytical framework of SSR 18-01p to find Plaintiff's disability onset date, there is a realistic possibility that he would have found Plaintiff disabled before her date last insured.

First, the date on which the ALJ finds that the claimant first met the statutory definition of disability "may predate the claimant's earliest recorded medical examination or the date of the claimant's earliest medical records." SSR 18-01p, 2018 WL 4945639, at *6. As described above, the ALJ has several options to determine the onset date, including relying on evidence from plaintiff's family or friends. *Id.* The ALJ stated that he could not rely on Plaintiff's testimony to find the

impairment, R. 43, but did not examine other sources, such as her roommate or former employers.

Further, the ALJ had the power to call a medical expert to provide a retrospective diagnosis. SSR 18-01p, 2018 WL 4945639, at *2. Although the decision to call a medical expert is within the ALJ's discretion, there is no evidence to indicate that the ALJ exercised his discretion or was aware of the option. R. 43 (during the hearing the ALJ stated that "I would need objective medical evidence to say that you are at least . . . to ascertain whether or not there's a medically-determinable impairment. I would also need evidence that would show me the severity of your impairment and what limitations that you would have a result of that. . . I don't have that either.").

Moreover, the Fifth Circuit has recognized that, "'retrospective medical diagnoses may constitute relevant evidence of pre-expiration disability, and that properly corroborated retrospective diagnoses can be used to establish disability onset dates.'" *Reine v. Soc. Sec. Admin.*, No. CV 20-440, 2021 WL 8314385, at *5 (E.D. La. Oct. 14, 2021), *report and recommendation adopted*, No. CV 20-440, 2021 WL 8314464 (E.D. La. Nov. 16, 2021) (quoting *McLendon v. Barnhart*, 184 F. App'x 430, 431 (5th Cir. 2006)). Here, the SSA found that Plaintiff met listing 1.02A and was disabled as of August 23, 2019—a mere five months after Plaintiff's last insured date. R. 66. Further, the only evidence in the record regarding the onset of

Plaintiff's disability is her testimony, which supported a finding that the onset date was before her date last insured. R. 35 ("March 2019, it completely decomposed. My bone is moving around across my nerve endings."). Given these circumstances, there is a distinct possibility that with greater development of the record, the ALJ could have inferred an onset date prior to the date last insured.

Accordingly, the ALJ's failure to determine the onset date of Plaintiff's condition for the purposes of disability benefits in accordance with SSR 18-01p's analytical framework requires remand.

## CONCLUSION

The Court **DENIES** the Commissioner's motion for summary judgment, ECF No. 14, and **GRANTS** Plaintiff's motion for summary judgment, ECF No. 12. Therefore, the Commissioner's determination denying Plaintiff disability benefits is **VACATED** and this case is **REMANDED** for further proceedings consistent with this opinion.

**SIGNED** at Houston, Texas, on March 20, 2022.

_____

**Dena Hanovice Palermo**
**United States Magistrate Judge**